UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

KENNETH L. THOMPSON,

    Petitioner,

v.

J. HENSLEY,

    Respondent.

Civil Action No. 6:25-219-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Kenneth L. Thompson is incarcerated at the Federal Correctional Institution in Manchester, Kentucky. Proceeding *pro se*, Thompson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons ("BOP") is improperly failing to award him certain time credits and, thus, erroneously calculating his release date. [R. 1].

This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny Thompson's petition without prejudice because it is plainly apparent from the face of his submission that he has not yet fully exhausted his administrative remedies. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at \*2 (6th Cir. Sept. 20, 2017).

Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to

respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is plainly apparent that Thompson has not yet fully exhausted his administrative remedies. Indeed, Thompson affirmatively indicates that he has not filed a grievance or pursued administrative remedies with the BOP. [*See* R. 1 at 2-4]. And although Thompson repeatedly claims that completing the exhaustion process "would be futile," he neither clearly explains why this would be the case nor correctly identifies binding legal authority that allows him to bypass the administrative grievance process and immediately proceed with his § 2241 petition. In this situation, where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading itself, sua sponte dismissal is appropriate. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust). Ultimately, this result will allow Thompson to promptly raise the matter at hand with his Warden and, if necessary, the applicable BOP Regional Director and the BOP's General Counsel before potentially returning to federal court and filing a new civil action.

Accordingly, it is **ORDERED** that:

1. Thompson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** without prejudice. If necessary, Thompson may file a new habeas petition regarding the matter raised once he has fully exhausted his administrative remedies;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. The Court will enter a corresponding Judgment.

This 11th day of December, 2025.



**Signed By:**

*<u>Karen K. Caldwell</u>* *KKC*

**United States District Judge**